IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANTHONY CRUZ

        Petitioner,

v.                                 CIVIL ACTION NO. 2:19-cv-00650
                                       (Criminal No. 2:18-cr-00004-4)

UNITED STATES OF AMERICA,

        Respondent.

MEMORANDUM OPINION AND ORDER

Pending before the court is Petitioner Anthony Cruz's Motion for Reconsideration. [ECF No. 289]. For the reasons explained below, the motion is **DENIED**.

### I.    Background

On January 17, 2018, Mr. Cruz was indicted by a federal grand jury for conspiracy to distribute 500 grams or more of methamphetamine ("Count One") and attempted possession with intent to distribute 500 grams or more of methamphetamine ("Count Two"). [ECF No. 1].

On April 6, 2018, Mr. Cruz entered into a written agreement with the United States, in which he agreed to plead guilty to Count One of the Indictment in exchange for the United States' dismissal of Count Two. [ECF No. 107]. In the plea agreement, the parties stipulated that under the United States Sentencing Guidelines, the base

offense level was 34 and that a two-level gun enhancement applied. *Id.* at 5. Mr. Cruz also agreed to "waive[] the right to seek appellate review of his conviction and of any sentence of imprisonment, . . . on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment . . . [was] below or within the Sentencing Guideline range corresponding to offense level 36." *Id.* The agreement specified that Mr. Cruz's waiver of appellate rights did not apply to any claim of ineffective assistance of counsel. *Id.* at 6.

The court held a plea hearing on April 26, 2018. [ECF No. 103]. During the hearing, the Government summarized the contents of the parties' agreement, including the provisions in which the parties agreed that a two-level gun enhancement applied and that the parties waived certain appellate rights. [ECF No. 221 ("Plea Tr.") 6:10–12, 15–19].[1] Mr. Cruz told the court that the parties' agreement was reached only after Mr. Cruz discussed it "step-by-step, sentence-by-sentence" with his attorney, and he asked the court to accept the agreement. Plea Tr. 8:11–17. The court accepted Mr. Cruz's guilty plea and the parties' plea agreement. Plea Tr. 10:20–24, 24:2–4.

On September 6, 2018, the court held a sentencing hearing. [ECF No. 153]. During the hearing, defense counsel objected to the Presentence Report's characterization of Mr. Cruz as the "muscle" or "enforcer." [ECF No. 222 ("Sentencing Tr.") 4:19–25]. Defense counsel also objected to the Presentence's Report's description

---

[1] The court uses the pages numbers assigned by the federal judiciary's Case Management/Electronic Case File system.

of Mr. Cruz as a major participant in the drug conspiracy. Sentencing Tr. 6:11–21. The court overruled each objection. Sentencing Tr. 5:9, 7:20. The court then asked Mr. Cruz whether he was satisfied with his attorney's performance. Sentencing Tr. 8:7–8. Mr. Cruz responded in the affirmative and did not raise any issues. Sentencing Tr. 8:9. Thereafter, the court calculated Mr. Cruz's Guideline range. Sentencing Tr. 9:9–10:4. The court determined that the base offense level was 34 and that a two-point gun enhancement applied, increasing the offense level to 36. Sentencing Tr. 9:11–14. The court found that Mr. Cruz accepted responsibility for his conduct and reduced his offense level by three points, decreasing the offense level to 33. Sentencing Tr. 9:15–22. The court determined that Mr. Cruz's criminal history category was VI. Sentencing Tr. 9:23–24. With an offense level of 33 and a criminal history category of VI, Mr. Cruz's Guideline range provided for a term of imprisonment of 235 to 293 months. Sentencing Tr. 9:24–10:2. Both Mr. Cruz and his attorney addressed the court prior to final sentencing. Sentencing Tr. 11:3–13:7. The court varied downward by more than five years and imposed a sentence of 168 months of imprisonment. Sentencing Tr. 13:8–12.

On September 9, 2019, Mr. Cruz filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. [ECF No. 192]. In his brief, Mr. Cruz alleged that his attorney provided ineffective assistance of counsel due to his failure to file a notice of appeal regarding "the drug amount and how [Mr. Cruz] was characterized as a major participant in the alleged conspiracy." *Id.* at 3–4. Mr. Cruz stated that he

3

told defense counsel his concerns on these issues, but defense counsel "brushed aside his duty to, at minimum, file a notice of appeal." *Id.* at 4. The motion was referred to Magistrate Judge Eifert, who held an evidentiary hearing and issued Proposed Findings and Recommendations ("PF&R"). At the hearing, Mr. Cruz raised for the first time that his attorney provided ineffective assistance of counsel by failing to object to the two-level gun enhancement at sentencing. [ECF No. 256 ("Ev. Hr'g Tr.") 7:2–5, 37:12–23]. After reviewing the record, Judge Eifert determined that "[Mr.] Cruz's testimony . . . that he asked [his attorney] to file an appeal based on the gun enhancement . . . [was] simply not plausible." [ECF No. 257, at 14]. Accordingly, she recommended that the court deny Mr. Cruz's motion and dismiss his case with prejudice. *Id.* at 18. Mr. Cruz timely filed objections to the PF&R. [ECF No. 258]. I found that Mr. Cruz failed to establish, by a preponderance of the evidence, that he asked his attorney to file an appeal or that he had concerns with the gun enhancement prior to the evidentiary hearing. [ECF No. 282, at 7]. Thus, I adopted Judge Eifert's PF&R, denied Mr. Cruz's motion, and ordered that his case be dismissed with prejudice. *Id.* at 8. Now, Mr. Cruz asks that the court reconsider its Order. [ECF No. 289]. In his motion, Mr. Cruz, again, claims that he was prejudiced by his attorney's "failure to object to the two-level gun enhancement," as "there [was] no nexus between the guns and the drugs." [ECF No. 293, at 1–2].

## II. Standard of Review

"In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright et al., *Federal Practice and Procedure* § 2810.1, at 124 (2d ed. 1995)). "Rule 59(e) permits a court to amend a judgment . . . for three reasons: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). The three grounds on which a party can use Rule 59(e) to challenge a judgment leave no room for rehashing arguments made prior to the judgment or which could have been made prior to the judgment. *See Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) ("[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued."); *Pac. Ins. Co.*, 148 F.3d at 403 ("'The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" (quoting Wright et al., *supra*, at 127–28)). Further, "[a] party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion." *Smith v. Donahoe*, 917 F. Supp. 2d 562, 572 (E.D. Va. 2013).

### III. Discussion

A party may not use a motion for reconsideration as a second opportunity to rehash arguments that the court has already rejected. *See Pac. Ins. Co.*, 148 F.3d at 403. In my Memorandum Opinion and Order, I found that Mr. Cruz's "concern with the gun enhancement [was] inconsistent with the record . . . disingenuous[,] and implausible," particularly because Mr. Cruz never raised the issue in his § 2255 motion and he failed to produce any evidence that he opposed the enhancement prior to the evidentiary hearing. [ECF No. 282, at 7–8]. In fact, I found that the record indicated that Mr. Cruz agreed to the gun enhancement by signing the plea agreement containing the enhancement, admitting that firearms were in the room where he was arrested, and failing to object at sentencing "to the court using the gun enhancement to calculate his sentencing range." *Id.* Accordingly, there was no reason for Mr. Cruz's attorney to object to the enhancement nor was there any evidence that Mr. Cruz asked his attorney to object to or appeal its application.[2]

---

[2] Even if defense counsel had objected to the imposition of the gun enhancement, the objection would have been futile. According to Application Note 11(A) to § 2D1.1, "[t]he [firearm] enhancement in [subsection (b)(1)] should be applied if the weapon was present, unless it is *clearly improbable* that the weapon was connected with the offense." U.S.S.G. § 2D1.1 cmt. n.11(A) (emphasis added). Thus, "the government need prove only that the weapon was 'present,' which it may do by establishing '"a temporal and spatial relation" linking "the weapon, the drug trafficking activity, and the defendant."' *United States v. Mondragon*, 860 F.3d 227, 231 (4th Cir. 2017) (quoting *United States v. Bolton*, 858 F.3d 905, 912 (4th Cir. 2017)). Once the government meets this burden, the court should presume "that the weapon was possessed in connection with the relevant drug activity and appl[y] the enhancement, unless the defendant rebuts the presumption by showing that such a connection was 'clearly improbable.'" *Id.* (quoting U.S.S.G. § 2D1.1 cmt. n.11(A)). Here, the government presented ample evidence demonstrating that the firearms were "present." As to the temporal aspect, Mr. Cruz stipulated that he was involved in a drug-trafficking conspiracy from April 2017 until his arrest on October 16, 2017. [ECF No. 107, at 9]. Law enforcement seized the two firearms at issue while executing multiple search and arrest warrants related to the instant investigation, while the conspiracy was ongoing. [ECF No. 173, at 24]. This evidence satisfies the temporal requirement. Next,

Mr. Cruz now seeks to restate an argument that has been raised and rejected by this court by claiming that his attorney was ineffective for "fail[ing] to object to the two-level gun enhancement." [ECF No. 293, at 1]. Because Rule 59(e) "may not be used to relitigate old matters," Mr. Cruz's argument fails to provide grounds for reconsideration. *Pac. Ins. Co.*, 148 F.3d at 403 (quoting Wright et al., *supra*, at 127–28).

IV. Conclusion

For the foregoing reasons, Mr. Cruz's Motion for Reconsideration [ECF No. 289] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 16, 2022

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

as to the spatial link, law enforcement located the two firearms near Mr. Cruz in a room in Leonard Roberts' house—the hub of the methamphetamine distribution. *Id.* at 24, 37. Mr. Cruz admitted that Mr. Roberts was one of his co-conspirators. [ECF No. 107, at 9]. At the time the warrants were executed, law enforcement seized 96.26 grams of ice from Mr. Roberts and 26.25 grams from Richard Rach, another co-conspirator. [ECF No. 173, at 24–25]. Based on the undisputed record, it was not "clearly improbable" that the weapons were connected with Mr. Cruz's drug-trafficking offense. Thus, the court's application of the enhancement was appropriate. Any objection would have been futile, and defense counsel was not ineffective for failing to raise the issue.